UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:

PETOSA ASSOCIATES, P.L.                        Case No. 09-16499 BKC-EPK
                                               Chapter 7 Case

    Debtor.
_____/

**<u>MOTION BY COUNSEL FINANCIAL SERVICES, LLC FOR
RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)</u>**

**Any interested party who fails to file and serve a written response to this motion within fifteen (15) calendar days after the date of service stated in this motion shall, pursuant to Local Rule 4001-1(C), be deemed to have consented to the entry of an order granting the relief requested in the motion.**

Pursuant to 11 U.S.C. § 362(d)(1) and (2), Counsel Financial Services, LLC ("CFS") moves this Court for an order modifying the automatic stay imposed by these bankruptcy proceedings so that CFS may pursue all legal rights in order to effect the recovery of its collateral.

INTRODUCTION

CFS, by and through its undersigned counsel, hereby requests that this Court enter an order granting CFS relief from the automatic stay pursuant to Section 362(d)(1) and (d)(2) of title 11 of the United States Code, sections 101 through 1532, as amended (the "Bankruptcy Code") to permit CFS to pursue all of its legal rights and remedies with respect to the recovery of its collateral, including the continuation of a pending action seeking judgment relating to CFS' interest in certain collateral securing a promissory note in the amount of $250,000.00. The

collateral which CFS seeks to recover was abandoned by the Chapter 7 Trustee in this case on May 20, 2009.

As demonstrated below, cause exists under the broad approach contemplated by the Bankruptcy Code to permit CFS to proceed with and conclude the litigation pending in the Supreme Court of the State of New York, County of Erie.

## I.     JURISDICTION

1.     This Court has jurisdiction to decide this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(G). Venue is proper in this Court, pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested in this Motion is predicated on 11 U.S.C. § 362(d) and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure.

## II.    PROCEDURAL AND FACTUAL BACKGROUND

2.     On December 14, 2007, Petosa & Associates, P.L. ("Associates" or "Debtor") executed a promissory note (the "Note") (attached herein as Exhibit A) in the amount of $250,000.00. Pursuant to the terms of the Note, Associates agreed to repay this sum to CFS, with interest. The Note was personally guaranteed by Frank Michael Petosa, the principal of Associates, and Susan S. Petosa (collectively the "Guarantors") pursuant to a guaranty dated December 14, 2007.

3.     As security for the Note, the Debtor and the Guarantors executed a security agreement (also attached hereto as Exhibit A), and CFS perfected a security interest in the following collateral (the "Collateral"):

> **All right, title and interest of the Debtor…in and to…[all] Accounts[,] including, but not limited to, Accounts consisting of any right to payment of a monetary obligation, whether or not earned by performance, for legal services rendered or to be rendered…and General Intangibles… related to such legal services…and… [p]roceeds [thereof].**

4. The Collateral includes a security interest in Associates' and Guarantors' interest in the proceeds (the "Contingency Fees") of certain personal injury lawsuits (the "Cases") in which Frank Michael Petosa and Associates served as the plaintiffs' legal counsel. The Contingency Fees were always the intended means of repayment of the Note.

5. Associates ceased paying interest on the Note in January, 2009, and has made no payments on the Note since that time.

6. On March 27, 2009, CFS commenced an action against Associates and the Petosa's, *CFS v. Petosa & Associates, et al.*, Case No. 2009-3554 in the Supreme Court of the State of New York, County of Erie (the "State Court Litigation") to foreclose on its security interest.

7. On April 9, 2009 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code.

8. Also on the Petition Date, Frank Michael Petosa ("Petosa"), the principal of Associates, and Susan S. Petosa, his wife, filed a personal voluntary petition under chapter 7 of the Bankruptcy Code.

9. Since the Petition Date, Petosa has removed the Cases to a different law firm, Rosenthal Levy & Simon, where he is currently employed.

III. RELIEF REQUESTED

10. CFS respectfully requests that this Court modify the automatic stay pursuant to Section 362(d)(1) and (d)(2) of the Bankruptcy Code to allow CFS to pursue all of its legal rights and remedies with respect to the recovery of the Collateral, including the continuation of the

State Court Litigation. As a matter of clarification, CFS is not requesting authority through the instant motion to pursue an in-personam judgment against the Guarantors.

IV.   <u>LEGAL STANDARDS</u>

11. Section 362(d) of the Bankruptcy Code provides that a bankruptcy court may lift the automatic stay to allow pending litigation to proceed in another forum in circumstances such as those that exist here:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d)(1).

12. The Bankruptcy Code does not define "cause"; as a result, courts decide motions for relief from stay on a case-by-case basis. *See, e.g., In re Murray Indus., Inc.* 121 B.R. 635, 637 (Bankr. M.D. Fla. 1990) (granting motion for relief from stay to allow creditor to sue on unpaid invoices). The term "cause" is viewed by courts as a "broad and flexible concept." *See In re The Score Board, Inc.,* 238 B.R. 585, 593 (D. N.J. 1999). The decision to lift the automatic stay is left to the sound discretion of the Bankruptcy Court. *See In re Dixie Broad, Inc.* 871 F.2d 1023, 1026 (11th Cir. 1989).

13. In the Eleventh Circuit, bankruptcy courts consider the totality of the circumstances to determine whether cause for relief from the automatic stay exists. *See In re Bryan Road, LLC,* 382 B.R. 844, 854-55 (Bankr. S.D. Fla. 2008) (granting creditor motion for relief from automatic stay based on the totality of the circumstances); *In re Laminate Kingdom LLC,* 2008 WL 1766637, at *3 (Bankr. S.D. Fla. Mar. 13, 2008) (same). Relevant considerations include "balanc[ing] the prejudice to the debtor against the hardship to the moving party if the

stay remains in effect as well as . . . the efficient use of judicial resources, the location of witnesses, documents, and other necessary parties." *In re Aloisi*, 261 B.R. 504, 508 (Bankr. M.D. Fla. 2001). The bankruptcy court may also consider "whether a creditor has a probability of success on the merits of this case." *Id.*

14. Recently, the Middle District of Florida supplemented this balancing test by considering twelve specific factors widely viewed by bankruptcy courts as relevant to determining whether to allow pending litigation to proceed outside of bankruptcy court. *In re Beane*, 404 B.R. 942 (M.D. Fla., 2008) (concluding the bankruptcy court did not err in granting relief from the automatic stay for the purpose allowing a matter to proceed in Tax Court). These twelve factors included:

(1) whether relief would result in a partial or complete resolution of the issues;
(2) lack of any connection with or interference with the bankruptcy case;
(3) whether the other proceeding involves the debtor as a fiduciary;
(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action.
(5) whether the debtor's insurer has assumed full responsibility for defending it;
(6) whether the action primarily involves third parties;
(7) whether litigation in another forum would prejudice the interests of other creditors;
(8) whether the judgment claim arising from the other action is subject to equitable subordination;
(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
(10) the interests of judicial economy and the expeditious and economical resolution of litigation;
(11) whether the parties are ready for trial in the other proceeding; and
(12) the impact of the stay on the parties and the balance of harms.

*Id.* at *4 (quoting *In re Sonnax Indus.*, 907 F.2d 1280, 1286 (2d Cir. 1990)).

15. Whether applying the balancing test alone, or in conjunction with analyzing the twelve factors identified in *In re Beane*, the facts and circumstances presented in the instant case constitute sufficient "cause" for modifying the automatic stay. As demonstrated below, bankruptcy courts are empowered to grant relief from stay to permit the conclusion of pending litigation in circumstances such as those present here.

16. Additionally, Section 362(d)(2) provides that the automatic stay may be modified if: "(A) the debtor does not have an equity interest in [the property]; and (B) such property is not necessary to an effective reorganization". 11 U.S.C. § 362(d)(2).

17. As discussed below, the Debtor does not possess an equity interest in the Collateral, and the Collateral is not necessary to an effective reorganization.

V. ARGUMENT

A. Case Law and Legislative History Both Support the Modification of the Stay to Permit the State Court Litigation to Proceed

18. Bankruptcy courts are inclined to allow modification of the automatic stay where existing litigation in another forum may continue without prejudicing the bankruptcy estate:

> The courts have generally interpreted the language of section 362(d)(1) to include a wide range of circumstances constituting 'cause' for stay relief. The drafters of section 362(d)(1) acknowledged in the statute's legislative history [that] the stay should be lifted where proceedings should continue in a non-bankruptcy forum: '*It will often be more appropriate to permit proceedings to continue in their place of origin, when no greater prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.*'

*In re Bryan Road, LLC*, 382 B.R. 844, 854 (Bankr. S.D. Fla. 2008) (*quoting* S. Rep. No. 989, 95th Cong., 2d Sess. at 50 (1978), as reprinted in 1978 U.S.C.C.A.N. 5787, 5836 (emphasis added)).

19.     On May 20, 2009, the Chapter 7 Trustee in the instant case filed a Notice of Abandonment which abandoned the estate's interest in "contingent [*sic*] fees for pending Petosa & Associates cases". Thus, the subject of the State Court Litigation has been abandoned by the Trustee. As a result, the estate cannot be prejudiced by the Court's modification of the automatic stay to allow the state court litigation to proceed.[1]

B.      The Relevant Factors of the *Beane* 12-Factor Test Weigh in Favor of Lifting the Stay

20.     The balancing test tips overwhelmingly in factor of granting CFS relief from stay. An analysis of the twelve *Beane* factors only confirms this result. Indeed, each of the factors relevant[2] to the current situation (Factors 1, 2, 4, 7, 10, 11 and 12) weighs heavily in favor of granting the Motion.[3]

21.     The first factor involves whether relief would result in the complete resolution of the issues to be adjudicated. Completion of the State Court Litigation would completely resolve the issue of CFS's entitlement to the collateral granted it by the Debtor.

22.     The second factor examines potential interference between the non-bankruptcy action and the bankruptcy case. As set forth above, the Chapter 7 Trustee in this case has

---

[1] In fact, in at least one district, relief from the automatic stay is not even required if the property in question has been abandoned by the trustee. *See In re Pierce*, 29 B.R. 612, 614 (Bankr. E.D. N.C. 1983) (finding that when property is abandoned "it is no longer subject to the automatic stay of either 11 U.S.C. §§ 362(a)(5) or (a)(6)".)
[2] Courts applying these factors agree that not all of the factors will be implicated in every case. *See Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999); *In re Enron Corp.*, 306 B.R. 465, 476 (Bankr. S.D.N.Y. 2004).

[3] Factors 3, 5, 6, 8 and 9 are inapplicable in that the State Court Litigation does not allege that the Debtor is a fiduciary, does not involve primarily third parties, and there is no evidence that the Debtor's insurer has assumed full responsibility for defending it. Nor is there reason to believe that a judgment claim arising from the State Court Litigation would be subject to equitable subordination, nor that CFS's success would result in a judicial lien avoidable by the Debtor.

7

abandoned the property in question. As a result, modifying the stay to permit the State Court Litigation to proceed would not interfere with the instant bankruptcy case.[4]

23. The fourth factor weighs any specialized experience possessed by the non-bankruptcy court. The State Court Litigation involves no issues which this Court is not fully capable of adjudicating. However, the New York State Supreme Court, the forum originally chosen by the parties, does have significant experience in applying New York law, the law originally chosen by the parties, to matters such as the State Court Litigation.

24. The seventh factor addresses whether creditors would be prejudiced by continuation of the non-bankruptcy litigation. Here, no prejudice to other parties in interest exists, as CFS is seeking to pursue its interest in the Collateral and the Trustee has abandoned the estate's interest in the Contingency Fees that are the subject of the State Court Litigation.

25. As mentioned above, the subject of the State Court Litigation, the Contingency Fees, has been abandoned by the Trustee. As such, modification of the automatic stay to allow the State Court Litigation to proceed cannot be said to impact the bankruptcy estate. Furthermore, the harm which CFS would suffer absent modification of the stay far exceeds any purported harm to the Estate, which does not even have an interest in the property at the heart of the State Court Litigation.

C.  The Automatic Stay Should be Modified Pursuant to Section 362(d)(2)

26. Section 362(d)(2) provides that the automatic stay may be modified if: "(A) the debtor does not have an equity interest in [the property]; and (B) such property is not necessary to an effective reorganization". 11 U.S.C. § 362(d)(2).

27. In the instant case, relief from stay is warranted under 11 U.S.C. § 362(d)(2) because the Debtor does not have an equity interest in the Collateral as a result of the Debtor's

---

[4] *See* note 1, *supra*.

default on the Note. Additionally, because the Debtor is liquidating, the Collateral is not necessary to an effective reorganization.

## VI.     CONCLUSION

28.     As demonstrated above, cause exists to grant the requested relief. In addition, application of the *Beane/Sonnax* factors militates in favor of lifting the stay, especially because the estate has no interest in the subject matter of the State Court Litigation. Moreover, allowing the State Court Litigation to proceed would be the most efficient use of judicial resources. The Debtor also has no equity in the Collateral based upon the Debtor's default and the Collateral is not necessary for an effective reorganization, as the Debtor is liquidating.

**WHEREFORE,** CFS requests entry of an Order substantially in the form attached hereto as **Exhibit "A"**: i) modifying the automatic stay for the purpose of allowing CFS to continue prosecuting the State Court Litigation and to pursue all of its rights and remedies with respect to the Collateral and ii) granting such other and further relief as this Court deems just and proper.

[*signature page follows*]

*I HEREBY CERTIFY* that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the instant motion was served electronically via the Court's CM/ECF system upon the parties on the attached Service List on the 6th day of October, 2009.

        **SHRAIBERG, FERRARA & LANDAU, P.A.**
        Attorneys for Creditor, Counsel Financial Services, LLC
        2385 NW Executive Center Drive
        Suite 300
        Boca Raton, Florida 33431
        Telephone: 561-443-0800
        Direct: 561-443-0819
        Facsimile: 561-998-0047

By: /s/ *John E. Page*
        John E. Page, Esq.
        Florida Bar No. 0860581
        jpage@sfl-pa.com

**SERVICE LIST**
**CASE NO. 09-16499-BKC-EPK**

**Via CM/ECF;**

Michael Bakst
efilemrb@ruden.com, FL65@ecfbcbis.com; efile2557@ruden.com;
efil2556@ruden.com; efile2554@ruden.com

Marc P. Barmat
On behalf of Debtor Petosa & Associates, P.L.
ndixon@furrcohen.com; mbarmat@furrcohen.com

Maurice Hinton
On behalf of Creditor Palmetto Road Holdings, Inc.
mhinton@ssclawfirm.com; kfarren@ssclawfirm.com

office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

David Samole
On behalf of Creditor Mellon United National Bank
das@kttlaw.com; pm@kttlaw.com; law@kttlaw.com; ycc@kttlaw.com

Charles W. Throckmorton
On behalf of Creditor mellon United National Bank
ctw@kttlaw.com; lf@kttlaw.com; law@kttlaw.com


**Via U.S. Mail: n/a**